GERTRUDE MCKELVEY'S ADMR. v. WM. H. MCKELVEY ET AL.

**Title to United States Money Orders Payable to Prospective Donee as Gift does not Pass if not Delivered Before Death of Donor.**

> Where one intending to make a gift of money to another purchased United States money orders in the name of the prospective donee but died before delivering them, and with the orders in her possession the gift was incomplete and the administrator is entitled to the money.

[Syllabus by the court.]

*Wirt & Gunelfinger,* for plaintiff.
*M. C. McNabb,* for defendant.

The delivery of the money to the attorney for transmission to defendant, Mrs. Hupfer, was accompanied by a valid declaration of trust in her favor; and the trust was perfected by the delivery of the money to the attorney for the use of Mrs. Hupfer, and this court is called upon to declare and execute the trust.

1 Perry, Trusts Sec. 98; *Connecticut River Sav. Bank* v. *Albee,* 64 Vt. 571 [25 Atl. Rep. 487; 33 Am. St. Rep. 946], citing authorities. *Marlin* v. *Funk,* 75 N. Y. 134 [31 Am. Rep. 446]; *Sayre* v. *Weil,* 94 Ala. 466; [10 So. Rep. 546; 15 L. R. A. 544]; *Atkinson, In re,* 16 R. I. 413 [16 Atl. Rep. 712; 3 L. R. A. 392; 27 Am. St. Rep. 745]; *Gaffney's Estate,* 146 Pa. St. 49, [23 Atl. Rep. 163]; *Bath Sav. Inst.* v. *Hathorn,* 88 Me. 122 [33 Atl. Rep. 836; 32 L. R. A. 377; 51 Am. St. 382]; *Robertson* v. *McCarthy,* 54 App. Div. 103 [66 N. Y. Supp. 327]; *Millard* v. *Clark,* 80 Hun 141 [29 N. Y. Supp. 1012]; *Jenkins* v. *Baker,* 77 App. Div. 509 [78 N. Y. Supp. 1074]; *Beaver* v. *Beaver,* 117 N. Y. 421 [22 N. E. Rep. 940; 6 L. R. A. 403; 15 Am. St. Rep. 531]; *Fowler* v. *Bank,* 113 N. Y. 450 [21 N. E. Rep. 172; 4 L. R. A. 145; 10 Am. St. Rep. 479]; *Harris Bank. Co.* v. *Miller,* 190 Mo. 640 [89 S. W. Rep. 629; 1 L. R. A. (N. S.) 790]; *Thurston, Petitioner,* 154 Mass. 596 [29 N. E. Rep. 53; 26 Am. St. 278]; *Dickerson's Appeal,* 115 Pa. St. 198 [8 Atl. Rep. 64; 2 Am. St. Rep. 547]; *Keyes* v. *Carleton,* 141 Mass. 45 [6 N. E. Rep. 524; 55 Am. Rep. 446]; *Minot* v. *Tilton,* 64 N. H. 371 [10 Atl. Rep. 682]; Jones, Evidence Secs. 766-775.

## METCALFE, J.

This action was brought by the administrator of the estate of Gertrude McKelvey under favor of Gen. Code 10857 to obtain the judgment of the court as to certain matters about which controversy had arisen in the settlement of the estate.

The plaintiff's decedent, Gertrude McKelvey, was an actress. While in the city of Manila in the Philippine Islands she sustained a loss by fire on some property which she owned, and upon which she held a policy of insurance. The amount due on the policy of insurance was collected for Miss McKelvey by O'Brien & Peoples, a firm of attorneys in Manila, and Mr. O'Brien was directed by her to purchase therewith a number

McKelvey v. McKelvey.

of United States money orders payable to her sister, Mrs. Hupfer. Soon after the purchase of the money orders Miss McKelvey went to Hong Kong, China, and while in that city she was murdered, and upon the person of the man arrested for her murder were found these money orders. It is now claimed that Miss McKelvey made a valid gift of the money orders to Mrs. Hupfer, or that she by her actions and declarations with reference to them, created a trust which the court should enforce in Mrs. Hupfer's favor. The only testimony we have as to how the orders came to be in the name of Mrs. Hupfer is that of the attorneys in Manila, O'Brien & Peoples.

In their deposition are related conversations between Mr. O'Brien and Miss McKelvey with reference to what she wanted done with the money and his advice to her. These conversations we think are clearly incompetent under Gen. Code 11494, which prohibits an attorney from testifying to a communication made to him by his client in that relation, and his advice to the client. Some facts are related, however, which we think are competent. Mr. O'Brien says that he took the money which was collected on the insurance policy and that he went to the post office, purchased the money orders in question, took them back to his office and delivered them to Miss McKelvey. The purchase of the orders in the name of Mrs. Hupfer was no doubt done under the direction of Miss McKelvey, and we think that it evinced an intention on her part to give the money to her sister. But the question is, did she carry out that intention so as to make it effective and pass the title of the property. Several things must concur to make a valid gift. First, there must be an intention on the part of the giver to part with his property. Such intention we are inclined to think appears here but there must be something more than an intention. The intention to give to be made effective must be carried out by the donor, relinquishing dominion over the property and delivering it to the donee either actually or constructively. Whatever Miss McKelvey may have intended to do, there is no evidence tending to show a delivery of the property to her sister and she certainly did not relinquish her dominion and control over it. Taking out the orders in the name of Mrs. Hupfer did not prevent her from

returning them to the post office and having them cancelled and receiving back the money which she had paid for them. 4035 to 4039 U. S. Rev. Stat.

She could have done this any time she wished. The fact that the orders did not come to Mrs. Hupfer and that Miss Mc-Kelvey retained possession of them makes the transaction lack all the necessary elements of a gift save the intention alone. It is urged, however, that the facts in this case constitute a trust in the money represented by the several orders in favor of Mrs. Hupfer, but we think the transaction will not bear that construction. The cases cited do not, in our judgment, support it. In *Martin* v. *Funk*, 75 N. Y. 134 [31 Am. Rep. 446], money was deposited in a savings bank, the depositor declaring at the time that it was in trust for the plaintiff, and the account was so entered and a pass book made out which the donor held in her possession until her death. The court held that a trust was created. Here there was an express declaration of a trust, and so it is with the other cases cited. Either there was an express declaration of a trust or there were facts present which showed an intention to create one. Such intention, however, in our opinion does not appear here.

The unfortunate circumstances of this case prevent us from carrying out what we think was the probable intention of Miss McKelvey, and prevent us from finding in Mrs. Hupfer's favor, but we cannot disregard the law as we see it, and therefore judgment is rendered for the plaintiff.

**Pollock** and **Norris, JJ.,** concur.